IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| UNITED STATES OF AMERICA | ) | Criminal No. 3:15-cr-93-MHL |
|---|---|---|
| v. | ) | |
| JERMAINE BROWN, | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

The United States and the defendant agree that the factual allegations contained in the Statement of Facts and in Count Three of the Indictment are true and correct, and that the United States could have proven them beyond a reasonable doubt.

1. On or about February 10, 2011, in the Eastern District of Virginia and within the jurisdiction of this Court, defendant Jermaine Brown ("Brown"), a public official, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally and for any other person or entity, in return for being induced to do an act and omit to do an act in violation of his official duty; that is, Brown accepted $1450 from, and paid on behalf of, a prison inmate at FCC Petersburg in exchange for providing that inmate or others with cigarettes banned in the prison, in violation of his official duty as an employee at the prison, in violation of 18 U.S.C. § 201(b)(2)(C).

2. From 2005 through 2015, Brown was employed by the United States Bureau of Prisons (a component of the United States Department of Justice) ("BOP") as a correctional officer and recreational specialist at the Federal Correctional Complex in Petersburg, Virginia. During the time relevant to the Indictment in this case, Brown was assigned to the Recreation Department

1

in the Federal Correctional Institution—Medium ("FCI Petersburg-Medium"). Brown's duties as recreational specialist included, among other things, instructing and supervising inmates in recreational activities and enforcing BOP policies, procedures, regulations, and federal law. Accordingly, Brown was a federal public official as defined in 18 U.S.C. § 201(a). Inmates B and C were federal prisoners incarcerated at FCI Petersburg-Medium during Brown's tenure as a recreational specialist.

3. At all relevant times, FCI Petersburg-Medium considered cigarettes to be contraband that threatened the order, discipline, or security of the prison, or the life, health, or safety of an individual, and therefore, possession of cigarettes by inmates was prohibited by BOP regulations and polices Brown had a duty to enforce.

4. Prior to February 10, 2011, within FCI Petersburg-Medium, Brown corruptly sought and agreed to accept United States currency as bribes in exchange for providing contraband cigarettes to Inmates B and C in violation of his official duties as a BOP employee. After providing contraband cigarettes to these inmates within prison, Brown instructed them to have friends or family members on the outside of prison wire transfer money to a known associate, J.N, who was to pick up the money for Brown. Inmates B and C passed these instructions on to their family members, who effected the wire transfers to J.N. described in paragraphs five through seven of this Statement of Facts.

5. On or about February 10, 2011, J.N. picked up a Western Union wire transfer of $450 sent by or on behalf of Inmate B and delivered the money to Brown as a bribe for providing contraband cigarettes at FCC Petersburg.

6. On or about February 10, 2011, J.N. picked up a Western Union wire transfer of $1,000 sent by or on behalf of Inmate C and delivered the money to Brown as a bribe for providing

contraband cigarettes at FCC Petersburg.

7. On several other occasions, using similar methods, Brown received and accepted bribes from inmates totaling $1,600 in United States currency. For purposes of determining the value of the payments or benefits received by Brown under United States Sentencing Guideline Section 2C1.1(b)(2), it is uncontested that Brown received and accepted a total of $3,050 in bribes in exchange for providing contraband cigarettes to inmates at FCI Petersburg-Medium. The parties acknowledge, however, that this agreement is not binding on the Court.

8. At all relevant times, Brown corruptly received and accepted bribes in exchange for failing to enforce and being induced to do an act in violation of federal law and BOP regulations by providing to and allowing inmates to possess contraband cigarettes.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Erik S. Siebert
Assistant United States Attorney

I have consulted with my attorney regarding this Statement of Facts. I knowingly and voluntarily agree that each of the above-recited facts is true and correct and that had this matter gone to trial the United States could have proven, and the defendant would have not contested, each one beyond a reasonable doubt.

08/20/15
Date

J. M. Brown
Jermaine Brown
Defendant

I am counsel for defendant, Jermaine Brown. I have carefully reviewed this Statement of Facts with him and, to my knowledge, his decision to agree to this Statement of Facts is an informed and voluntary decision.

8/20/15
Date

David P. Baugh
Counsel for Defendant

4